# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CELESTIN GLENN TAPPIN, JR., | Case No.: 3:22-cv-00570-ART-CSD |
| Petitioner | **Order Screening Petition and Granting Motion for Counsel** |
| v. | |
| WARDEN FRAZIER, *et al.*, | |
| Respondents. | |

Celestin Glenn Tappin, Jr. has submitted a *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus and has now paid the filing fee. (ECF Nos. 1-1, 4.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and directs that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the court of that as

soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Tappin has also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Tappin states in his petition that a jury convicted him of several violent crimes, including attempted murder, and that he is serving a term of 16-40 years in prison. It is unclear whether the legal issues he seeks to raise are complex. In order to ensure due process, the Court grants Tappin's motion for counsel.

It is therefore ordered that the Clerk of Court file and electronically SERVE the petition (ECF No. 1-1) on the Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that the Clerk detach and file the motion for appointment of counsel (ECF No. 1-2).

It is further ordered that Petitioner's motion for appointment of counsel is **GRANTED**.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner.

It is further ordered that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD has **30 days** from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that after counsel has appeared for Petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: 15th of June 2023

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE