UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Celestin Glenn Tappin, Jr.,

     Petitioner

v.

Warden Frazier, *et al.*,

     Respondents

Case No.: 3:22-cv-00570-ART-CSD

Order Denying Motion to Dismiss

(ECF No. 26)

In Celestin Glenn Tappin, Jr.'s 28 U.S.C. § 2254 habeas corpus petition he challenges his state court convictions, including for attempted murder, arguing that his trial counsel was ineffective. (ECF No. 21.) Respondents move to dismiss the petition as untimely. (ECF No. 26.) Because the Court concludes that the single claim in the amended petition relates back to the original petition, the motion is denied.

## I.    Background

In April 2017, in Second Judicial District Court (Washoe County), Nevada, a jury convicted Tappin of battery with a deadly weapon causing substantial bodily harm, mayhem with a deadly weapon, and attempted murder with a deadly weapon. (Exhs. 45-47.)[1] Tappin was found guilty of attacking his best friend Donnie Wilson with a machete. (*See* ECF No. 21.) In December 2016, Reno police responded to a report of a family disturbance. They found Tappin standing in front of a house, with his parents in the doorway. He had blood on his feet, legs, hands, and sweatshirt, and appeared intoxicated. Tappin's mother made comments that led police to another

---

[1] Exhibits referenced in this order are exhibits to the Motion to Dismiss, ECF No. 26, and are found at ECF Nos. 22-24.

residence where they found Wilson covered in blood with severe lacerations, apparently near death. A machete was on the floor of a hallway. DNA recovered showed Wilson's profile from swabs of Tappin's hands and feet, Wilson as a major contributor to the DNA found on the machete and Tappin as a minor contributor.

The state district court sentenced Tappin to an aggregate term of 16-40 years in prison. (Exh. 56.) Judgment of conviction was entered on September 7, 2017. (Exh. 57.) The Nevada Supreme Court affirmed Tappin's conviction, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas petition. (Exhs. 76, 122.)

Tappin dispatched his federal habeas petition for mailing about December 31, 2022. (ECF No. 6.) The Court granted his motion for counsel. (ECF Nos. 5, 7.) He filed an amended petition through counsel raising a single ground:

> Ground 1: Trial counsel failed to object to the admission of a recorded conversation between law enforcement and the victim in violation of Tappin's Sixth Amendment rights to effective assistance of counsel and confrontation.

(ECF No. 21 at 7-12.)

Respondents now move to dismiss the amended petition on the basis that the claim does not relate back to a timely petition. (ECF No. 26.)[2]

## II.   Legal Standards & Analysis  -- AEDPA Statute of Limitations and Relation Back

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or

---

[2] Petitioner opposed, and Respondents replied. (ECF Nos. 35, 39.)

the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that in order to be timely ground 1 in Tappin's amended petition must relate back to the timely original petition. (*See* ECF Nos. 26, 35.) Respondents assert that ground 1 does not relate back to a timely-filed petition. (ECF No. 26.)

**Ground 1 of the Amended Petition**

Tappin contends that counsel was ineffective for failing to object to the admission of a recorded interview between law enforcement and the victim, which deprived Tappin of his right to confrontation because the victim was unavailable to testify. (ECF No. 21 at 7-12.)

Wilson overdosed on drugs shortly before trial. He was in the hospital on a legal hold and not medically cleared so he did not testify at trial. The State introduced Wilson's preliminary hearing testimony. Wilson had testified that he barely recalled the events of that night and did not recall talking to officers at the hospital.

The State then introduced a tape recording of a conversation between a detective and Wilson when Wilson was brought to the hospital following the attack. Tappin's trial counsel did not object, and the recording was admitted into evidence and played for the jury. Wilson made statements that incriminated Tappin. Tappin argues that trial counsel was ineffective for failing to object, which deprived him of his right to confrontation.

**Original Petition**

Tappin raised the claim in his original petition that trial counsel was ineffective for not requesting a continuance of trial until the material witness/victim was available to testify in person. (ECF No. 6 at 5.) He did not elaborate further, but he attached the Nevada Court of Appeals order affirming the denial of his state postconviction petition. (*See id.* at 11.)

Tappin acknowledges that, apparently due to a copying and/or scanning error at the prison law library, only every other page of the appellate order was attached to his original petition. (ECF No. 35; *see* ECF No. 6 at 10-12 (pages 1, 3, and 5 of the order.)) He states that he did not realize the mistake until his appointed counsel brought it to his attention nearly two years after he filed the

original petition. He says he intended to attach the order in its entirety, and there is no logical reason to doubt this. (ECF No. 36-1.) And of course as a practical matter, Respondents are/were well aware of the content of the full order of affirmance; they filed it as an exhibit to the Motion to Dismiss. (Exh. 122.)

The Nevada Court of Appeals held (among other rulings) the following: trial counsel was not ineffective for failing to request a continuance when Wilson was unable to appear at trial; and counsel was not ineffective for failing to object to the admission at trial of the recording of the detective interview of Wilson that occurred shortly after the attack. (Exh. 122 at 4-6.)

Tappin argues that under *Ross v. Williams* federal ground 1 relates back to the original petition. (ECF No. 35; 950 F.3d 1160, 1167 (9th Cir. 2020). The Ninth Circuit Court of Appeals held in *Ross*:

> If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back. An amended petition relates back if it asserts one or more claims that arise out of "the conduct, transaction, or occurrence" that the original petition "set out" or "attempted to ... set out"—in other words, if the two petitions rely on a common core of operative facts. Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 657, 664. "[F]or all purposes," including relation back, the original petition consists of the petition itself and any "written instrument[s]" that are exhibits to the petition. Fed. R. Civ. P. 10(c); *see also Dye*, 546 U.S. at 4. Like a brief, a court decision is a written instrument. *See Dye*, 546 U.S. at 4.

*Ross*, 950 F.3d at 1167.

Here, Tappin attempted to set out habeas claims, identified specific grounds for relief and attached the state court decision that contained further factual detail. In that decision, the court rejected the claim that is now raised as ground 1 of the amended petition: trial counsel was ineffective for failing to

object to the introduction of the recorded police detective interview with Wilson, depriving Tappin of his confrontation rights. (Exh. 122 at 5-6.) In the original petition Tappin's brief statement under the Ground 2 heading of the form petition alleges ineffective assistance of counsel and implicates a violation of his confrontation rights. The claim as amended can be fairly read to arise from the same core facts as the original claim—that counsel failed to argue that Wilson's unavailability at trial violated Tappin's right to confrontation. And it doesn't depend on events separate in "both time and type" from the originally raised claim. The Court concludes that Ground 1 of the amended petition relates back to a timely-filed petition. The Motion to Dismiss, therefore, is denied.

### III.    Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 26) is DENIED.**

It is further ordered that Respondents have 60 days from the date this order is entered within which to file an answer to the amended petition.

It is further ordered that Petitioner has 45 days following service of Respondents' answer in which to file a reply.

Dated this 13th day of March, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE